Judge Robertson
delivered the opinion of the Court.
This is an action of assault and battery, brought by E. N. Cooke against Phinehas Cox and Wm. Cox, The declaration contains three counts, each of which charges an assault, battery and wounding. Phinehas plead that the plaintiff entered his house against his assent, and that to remove him from it, he gently laid his hands on him, in doing which he “Mr/ him a litlle.,'> To this plea the plaintiff replied, that as deputy sheriff of Warren county, he entered the defendant’s house lawfully, to levy ca. sas. which he had against him. A demurrer to this replication was Overruled, and afterwards a rejoinder to it appears in the record, but without any entry by the clerk that it was filed. However, this cannot be material, as the jury was sworn to try “the issues,” and there was only one issue, unless this rejoinder had been filed and made another issue. It must, therefore, be considered as filed.
William Cox filed two pleas, each of which was, in effect “moliter manus” for the entry into the house and for an alleged assault on Phinehas, the father of William. A joint demurrer to these pleas was filed and sustained, as to the one relying on the entry, but overruled as to the other; whereupon an issue was made on the latter.
On these two issues, on the plea by Phinehas and that by William, the jury found a verdict for $37 b0 against Phinehas, and one for $75 against William.
If joint de^al^leas3*^" sustained, and any one ^if Over-" ruled, and any one bad ,ikewjfe e.fr dangerous to demurrant;
A wounding jus’tified^by a plea of “moi-fur minus be a request jo depart, ^s^tanc'e arid damage,, to defendant; after s,*cl1 te1ues *
fn ári actloü of trespass d-ff,a¿d several verdicts, plu£ hasangbtto menVagainst al!, «pon the verdict he 5elects
If the demurrer to William’s two pléas had been feustained as to both, and dither had been good, this would have been error. But if a joint demurrer two pleas be overruled as to one which is good, and sustained as to the other, which is bad, the defendant cannot Object, that separate demurrers were not filed, The irregular practice of filing One demurrer to several pleas or replications, can be disadvantageous only to the demurrant, because, if it be sustained as to all, and any one be good, the error will operate to his preiudice alone. This is the only objection to this sumtnary mode of pleading. But in this case, not only was the plea bad, to which the demurrer was sustained, but the other also, was radically defective.
Á wounding cannot be justified by “moliter \manus” alone, without the averment of other circumstances of justification. Before such a plea can be good, it must show resistance after the request to depart, and damage to the defendant before the wounding ensued; Robinson vs. Hawkins, 4 Monroe, 135. Neither of these pleas aíleged, either a requést to depart, resistance by the plaintiff, or damage done by him, to either of the deifendants, before they committed the battery and wounding. Both pleas were, therefore, totally insufficient, and issues on them would have been immaterial. 'For the same reasons the plea of Phinéhas Cok was also insufficient; and, therefore, if the replicatioh had beert defective, the demurrer to it ought to have been overruled. But the replication is good. And besides, rejoining, the demurrer was waived;
I can see no objection to the judgment. It was reiidered jointly against both defendants; 6n the Verdict for $75. The jury had a right to assess several damages, and the plaintiff had a right to take a judgment ade melioribus damnisf against all who were found guilty. And to enable him to do this; no “remittitur” of the smaller damages was necessary. He could either enter a noil prosequi against Phinehas, and take judgment against William alone, or he cbuld remit the damages assessed against Phinehas, and take a judg ment against both for those assessed against William; *362 or he could, (as he has done) without remitting, have a judgment against both for the larger damages: 11 Co. 7 a; 2 Tidd, 806.
Denny, for appellant; Monroe, for appellee.
Without noticing, specially, the various objection urged by the plaintiffs in error, 1 have disposed o them all. There being no error, therefore, in the judgment, it is affirmed.